

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. W. Butler, Jr., M. D., Member
Texas Prison Board
Crockett, Texas

Dear Sir:

> Opinion No. O-4077
> Re: Texas Prison Board - Public
> Officers - Delegation of
> Authority.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

> "I would appreciate an answer to the following question immediately. Is it legal for one Member of the Texas Prison Board who expects to be absent from a special or regular Board meeting, and is absent, to delegate a certain Member of the Texas Prison Board as his representative to vote for (proxy) any and all matters that may come before the Board, which requires or necessitates a vote for the representative to cast a proxy vote for the Board Member who is absent?"

Articles 6166b, 6166d and 6166g, Vernon's Annotated Texas Civil Statutes, read as follows:

> "Article 6166b. There is hereby created the Texas Prison Board, which shall be composed of nine members to be appointed by the Governor with the advice and consent of the Senate, such appointments shall be made bi-annually, or on or before February 15. Each member of said Board shall be a State officer within the meaning of

the Constitution, and before entering upon the discharge of his duties shall take the constitutional oath of office. The term of office of each member shall be six years, except that in making the first appointments the Governor shall appoint three members for a term of two years, three members for terms of four years each, and three members for terms of six years each, so that the terms of three members shall expire every two years. Vacancies occurring in the Board shall be filled by appointment of the Governor for the unexpired term.

"Article 6166d. The Texas Prison Board shall hold a regular meeting on the first Monday in January, March, May, July, September and November of each year for the transaction of any and all official business. Special meetings of said Board may be called by the Chairman, and upon the petition of five members special meetings of said Board shall be called. Each member of the Board shall be given notice of special meetings and of the purpose thereof, and unless such notice has been given no official business shall be transacted at any special meeting. Six members of the Board shall constitute a quorum for the transaction of business at any meeting of the Board.

"Article 6166g. The Texas Prison Board, together with the manager hereinafter provided for, shall be vested with the exclusive management and control of the Prison System, and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the Prison System, and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein."

Sections 78 and 79, Public Officers, 34 Texas Jurisprudence, pages 457-8-9-60, read in part as follows:

"Section 78. Action as a Body. In order that the acts of a governmental or administrative board may be valid it must act as a body. Consent or

acquiescence of, or agreements by, the individual members acting separately and not as a body do not bind the board or the political subdivision which they represent, and all persons are chargeable with knowledge that such is the case.

"Quorum-Majority-Specified Vote. - In the absence of a statutory or constitutional provision to the contrary, a majority of all the members of the body constitute a quorum. A joint authority given to any number of persons or officers may, as the statute provides, be executed by a majority of them, unless it is otherwise declared; and the majority of any legally constituted board or commission, unless otherwise specially provided, constitutes a quorum for the transaction of business. Acts of a board when a quorum is not present are invalid. Where any particular act is required to be done by a specified vote, it ordinarily means that proportion of the vote of those constituting a quorum to do business; but in some cases a vote of the specified proportion of all the members of the body is required. Where one member of the board is dead, the vacant position is not counted in determining what constitutes a majority of the members. Except where the Constitution or a statute provides otherwise, a majority of the legal votes cast is sufficient to adopt or carry a proposition. But statutory or charter provisions requiring a two-thirds vote must be complied with.

"Section 79. Delegation of Powers and Duties. It is a general rule that public duties must be performed and governmental powers exercised by the officer or body designated by law, that they cannot be delegated to others. This is particularly true of duties which are judicial in their nature, or which call for the exercise of reason or discretion, and which are regarded as a part of the public trust assumed. Thus power given to an officer formally to state or make a certificate of certain facts, which, when stated by him as prescribed, become the evidence of a liability of another person, is a

public trust which must be exercised by the person and in the mode prescribed by the law that delegates the authority; and the approval by the officer of a certificate made by a person having no authority to make it is not a compliance with the law conferring the power."

The case of State ex rel Mayer vs. Schuffenhauer et al, (Supreme Court of Wisconsin), 250 N. W. 767, holds that members of a board, authorized by law to do an act requiring the exercise of discretion and judgment must meet and confer when the act is performed, in the absence of a statutory exception.

The Supreme Court of Mississippi held in the case of State ex rel Baria vs. Alexander, 130 So. 755, that where several persons are authorized to perform public service or do an act of public nature as an organized body, requiring deliberation, they must be convened in a body.

Where authority to do an act of public nature is given by law to more persons than one, or a majority of them, if the act is one which requires the exercise of discretion and judgment, unless the law provides for some exception, the members of the board to whom the authority is given must meet and confer where the act is performed. See McQuillin, Mun. Corp. § 595.

The casting of a ballot by a member of the Texas Prison Board on matters affecting the Texas Prison System and policies of the Texas Prison Board is clearly an act involving the exercise of judgment and discretion. That this cannot be delegated by one member to another is too plain for argument. Furthermore, the statute (Art. 6166d) provides for a quorum of six to be present before any official business can be transacted. Said statute also provides for certain stated regular meetings and provides further that notice of any special meeting be given to each member without which notice no official business can be transacted at such special meeting.

It is our opinion that your question should be answered in the negative and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:WF

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN